# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

PARIS PHILLIPS,

      Plaintiff,

  v.

SUN LIFE ASSURANCE CO.
OF CANADA, et al.,

      Defendants.

Case No. 1:20-cv-937
JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

This cause comes before the Court on Defendants' (collectively "Sun Life") Motion to Dismiss (Doc. 4) and Plaintiff Paris Phillips' Motion for Leave to File First Amended Complaint ("Motion for Leave") (Doc. 8). For the reasons set forth briefly below, the Court **GRANTS** the Motion for Leave, and therefore **DENIES** the Motion to Dismiss (Doc. 4), which was directed at the original Complaint (Doc. 3), as **MOOT**. In granting Plaintiff leave to file the Amended Complaint, however, the Court is not resolving, at this juncture, the question of whether Plaintiff is entitled to the jury that he demands in that Amended Complaint. Defendants remain free to raise that issue by way of a motion under Federal Rule of Civil Procedure 39 to strike the jury demand. The Court need not resolve that issue now, though, and the relevant law is sufficiently unsettled that a delay in resolution to allow for further development may prove beneficial.

## BACKGROUND

This case started as an action in Ohio state court to recover insurance proceeds on a group life insurance policy. Plaintiff asserted five causes of action: (1) declaratory judgment; (2) civil conspiracy; (3) theft by deception; (4) state RICO; and (5) a nebulously entitled "other claims." (*See* Compl., Doc. 3).

Sun Life removed to federal court on the ground that, no matter what label Plaintiff used, his claims actually arose under the Employee Retirement Income Security Act of 1974, commonly called ERISA. That is because the insurance policy was part of an employee welfare benefit plan, and any action seeking recovery of benefits under such plans arises exclusively under ERISA, which preempts state law claims seeking such benefits. (Not. of Rem., Doc. 1, at #2). Thus, Sun Life said, this Court had jurisdiction under the combination of 28 U.S.C. § 1441(c) and 28 U.S.C. § 1331. Plaintiff did not oppose removal.[1]

Sun Life also moved to dismiss the Complaint under Rule 12(b)(6). (Doc. 4). The grounds for that motion are not relevant in light of the Court's disposition here. That is because, in response to that motion, Plaintiff sought leave to file an Amended Complaint (*see* Doc. 8), attaching the proposed Amended Complaint (*see* Doc. 8-1).

Among other things, the proposed Amended Complaint seeks to replace the multiple claims asserted in the original complaint with a single ERISA count under

---

[1] Of course, this Court has an independent obligation to assess its own subject-matter jurisdiction, even if no party objects. The Court has done so and concludes that it has removal jurisdiction here for the reasons set forth in the removal papers.

29 U.S.C. § 1132(a)(1)(B). (*Id.* at #92). The new Complaint, unlike the original Complaint, also includes a jury demand. (*Id.* at #93).

Sun Life opposed the Motion for Leave, but only on narrow grounds. (*See* Doc. 10). It did not object to the changes in the substance of the allegations or to the legal claim set forth in the proposed amended complaint. Rather, it argued only that the Court should strike the jury demand, citing a variety of case law from this Circuit and others. Plaintiff responded, citing cases that he claims go the other way on the jury-demand issue, and, not surprisingly, attempting to distinguish the cases on which Sun Life relied.

At this juncture, both the Motion to Dismiss and the Motion for Leave are fully briefed and before the Court for resolution.

## DISCUSSION

As a general matter, when a plaintiff files an amended complaint, that moots any motion to dismiss directed at the previous complaint. *See, e.g.*, *Caddell v. Campbell*, No. 1:19-cv-91, 2021 WL 2176597, at *5 (S.D. Ohio May 28, 2021); *Buckeye Ranch, Inc. v. Disability Rights Ohio*, No. 2:18-cv-906, 2018 WL 6831531, at *2 (S.D. Ohio Dec. 27, 2018); *Hartman v. Reg.*, No. 1:06-CV-33, 2007 WL 915193, at *6 (S.D. Ohio Mar. 26, 2007). Thus, if the Court grants leave to file the proposed Amended Complaint here, that will moot Sun Life's Motion to Dismiss.

As for the Motion for Leave, Sun Life does not object to the Amended Complaint in terms of the substance of the claim set forth therein, or the other changes that Plaintiff proposes making in the Complaint's allegations. Rather, Sun Life's objection

3

goes solely to the jury demand. Thus, the Court will grant leave to Plaintiff to file his proposed Amended Complaint. And, as noted immediately above, that moots the Motion to Dismiss.

But that still leaves the question of the jury demand—which was the sole basis on which Sun Life objected to Plaintiff filing the Amended Complaint. On the Court's review of the competing authorities, this appears, at least at initial glance, to be a difficult issue on which the law is anything but settled.

As both parties appear to recognize, the right to a jury can arise either from statute or from the Seventh Amendment. Plaintiff says he has a right to a jury under both here. He claims that the ERISA provision at issue gives rise to an implied jury right. He bases that argument largely on inferences that he draws from the "backdrop of court decisions" (Doc. 11, #108) against which Congress enacted ERISA, as well as the fact that, in the statute, Congress allows enforcement actions like the one here to be brought not only in federal court, but also in state court, where Congress understood plaintiffs would have a jury trial right. Thus, Plaintiff says, Congress must have impliedly intended for actions under the provision here to be tried to a jury, even when the trial is conducted in federal court. Separately, Plaintiff argues that, independent of any statutory right to a jury trial, the Seventh Amendment affords him such a right, as he is seeking solely money damages, which is a form of legal relief, meaning this is a "suit at common law" for Seventh Amendment purposes.

Sun Life argues to the contrary on both fronts. It notes that the ERISA provision here says nothing about a jury, and thus does not give rise to a jury right.

4

As for the Constitution, Sun Life notes courts have interpreted the "suits at common law" language to mean that the Seventh Amendment does not apply to equitable claims, but rather only to legal ones. And ERISA, Sun Life notes, arises from the law of trusts, which was a subject matter area assigned to the courts of equity, rather than the courts of law, in the days of yore when those were two separate court systems.

Ascertaining the precise contours of the right to a jury trial for a given claim is no mean feat. *See, e.g., Navarro v. Procter & Gamble Co.*, No. 1:17-cv-406, 2021 WL 1169084 (S.D. Ohio March 29, 2021) (discussing that same issue in the context of copyright law). And, as the parties point out in their respective briefs, courts discussing that issue in the context of ERISA have arrived at varying results. (*Compare* Opp. to Mot. for Leave to File, Doc. 10, #97–101 (citing cases), *with* Reply in Supp. of Mot. for Leave to File, Doc. 11, #104–22 (citing cases)).

The most recent Sixth Circuit decision addressing the question arose in an odd procedural setting. *See In re Caudill*, No. 20-3834, 2020 WL 6748203 (6th Cir. Oct. 30, 2020) (unsigned order). In *Caudill*, a lower court struck a jury trial demand, and the plaintiff responded by seeking a writ of mandamus requiring the lower court to reinstate that jury demand. The Sixth Circuit declined, noting that "[t]here is no clear and indisputable right to a jury trial in actions for recovery of benefits under § 502." *Id*. at *1 (citing cases). While that seems initially helpful here, the *Caudill* court went out of its way to say that it was not "definitively resolv[ing] Caudill's claim that he is entitled to a jury trial under ERISA § 502(a)(1)(B) or the Seventh Amendment." *Id*.

5

at *2. Rather, the court held only that "his right to [such] relief is not clear and indisputable," meaning mandamus was not appropriate. *Id.* (quotation omitted).

Much as in *Caudill*, there is no need to resolve the issue in this case *now*. Nothing changes in this matter, up until trial, if a jury right does, or does not, exist. Accordingly, for the time being, and given the unsettled answer to that question, the Court declines to reach it. That said, the parties remain free to raise the issue down the road by way of a motion under Federal Rule of Civil Procedure 39. And, acknowledging that the answer to the question may impact trial preparation, the Court will address the matter well in advance of the actual trial. Intervening case law developments between now and the time the Court reaches the issue, though, may be helpful to the Court's consideration. Accordingly, at least for now, the Court reserves judgment.

## CONCLUSION

For the above reasons, the Court **GRANTS** Plaintiff's Motion for Leave (Doc. 8) and **DENIES** the Motion to Dismiss (Doc. 4) as **MOOT**.

**SO ORDERED.**

September 7, 2021
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**