UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**PARIS PHILLIPS,** *et al.***,**

    **Plaintiffs,**

  v.

**SUN LIFE ASSURANCE COMPANY OF CANADA,**

    **Defendant.**

**Case No. 1:20-cv-937**

**JUDGE DOUGLAS R. COLE**

## OPINION AND ORDER

Paris Phillips and his sister, M.A., are the only named beneficiaries of their late mother's life insurance policy. The insurer, Sun Life Assurance Company of Canada, instead paid the policy proceeds to the siblings' grandmother, Adlen Silas, who later died. The siblings now sue Sun Life seeking the money they claim they were (and are) owed under the policy. But Sun Life argues that the siblings should have joined their grandmother's estate to this action as a necessary party under Federal Rule of Civil Procedure 19(a).

The burden is on Sun Life to show that Silas's estate is a necessary party. *See Eagle Realty Invs., Inc. v. Dumon*, No. 18-cv-362, 2019 WL 608830, at *2 (S.D. Ohio Feb. 13, 2019) (citing *Marshall v. Navistar Intern. Transp. Corp.*, 168 F.R.D. 606, 611 (E.D. Mich. 1996)). For reasons briefly set forth below, the Court concludes that Sun Life has failed to carry its burden. Thus, the Court **DENIES** Sun Life's Motion for Dismissal or Joinder (Doc. 22).

## BACKGROUND

Nicole Powell died tragically young, at age 33. (Compl., Doc. 3, #26). She left behind two then-minor children, Paris Phillips and his sister, M.A. (Am. Compl., Doc. 14, #142). At the time of her passing, Powell worked at Fifth Third Bank. (*Id.*). The bank provided its employees with life insurance under a group policy with Sun Life. (*Id.*). Powell participated in this life insurance plan, naming her two children as her sole beneficiaries. (*Id.*).

Powell died in April 2014. (*Id.*). In August, the bank's third-party administrator sent Sun Life "a spreadsheet, identifying Ms. Adlen Silas [Powell's mother] in a column titled 'Beneficiary Contact Information.'" (Decl., Doc. 23, #208–09). That September, Silas submitted a claim to Sun Life for the proceeds of her daughter's policy. (Mot. Dismiss, Doc 22, #161). Sun Life paid her the full amount unconditionally—meaning the company did not state that it was paying the money to her for the benefit of the siblings. (*See* Doc. 23-1, #211).

Apparently, the money never made its way to the siblings. (Resp., Doc. 24, #212). Four years later, Phillips turned 18. (Doc. 14, #142). The next year, he submitted a claim to Sun Life on behalf of himself and his sister, seeking the proceeds of their mother's policy. (*Id.* at #143). He waited two years. (*Id.*). When he received no response, he filed this action in state court. (Doc. 3).

Sun Life removed to federal court, arguing that the case arose under the Employee Retirement Income Security Act (ERISA). (Doc. 1). Sun Life also moved to dismiss the case for failure to state a claim. (Doc. 4). Phillips, meanwhile, moved for leave to amend the Complaint. (Doc. 8). He wanted to add his minor sister, M.A., as

2

a second plaintiff through her maternal grandfather as next friend. (*Id.* at #87). He also sought to clarify that the real defendant is Sun Life Assurance Company of Canada. (*Id.*). And he wanted to agree that his (and his sister's) claims arise under ERISA. (*Id.*). The Court granted his motion for leave to amend, thus denying as moot Sun Life's motion to dismiss. (Doc. 13).

After the siblings filed their Amended Complaint (Doc. 14), Sun Life again moved for dismissal, or in the alternative joinder. (Doc. 22). This time Sun Life argued that the siblings had not joined Silas's estate, which Sun Life argued was a necessary party to the litigation. (*Id.*). The siblings opposed the Motion, (Doc. 24), and Sun Life replied in support, (Doc. 25). The matter is now ripe.

## LAW AND ANALYSIS

In its Motion, Sun Life argues that the siblings' failure to name Silas's estate as a party here requires dismissal (for failure to name an indispensable party) or at the very least joinder (of that party). As a general matter, indispensable-party issues require the Court to answer three questions. *See Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 666 (6th Cir. 2004) (citing 4 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, § 19.02[3][a], at 19–17 (3d ed. 2003)). As relevant here, those questions are:

1. Is Silas's estate "a necessary party under Rule 19(a)"?
2. If the estate *is* a necessary party, will joining the estate as a party "deprive the court of subject matter jurisdiction"?
3. And if joinder *will* "eliminate the court's ability to hear the case," is the estate an indispensable party? If so, then the case should be dismissed.

3

*Id.* (first citing *Temple v. Synthes Corp.*, 498 U.S. 5, 8 (1990), then *W. Md. Ry. Co. v. Harbor Ins. Co.*, 910 F.2d 960, 961 (D.C. Cir. 1990)).

But a court need not always address all three of these questions. That is because, as noted above, the moving party bears the burden on the first question— showing that joinder is necessary. *See Eagle Realty*, 2019 WL 608830, at *2 (citing *Marshall*, 168 F.R.D. at 611). And if the moving party fails to carry that burden, then "joinder, as well as further analysis, is unnecessary." *Id.* (quoting *Local 670 v. Int'l Union*, 822 F.2d 613, 618 (6th Cir. 1987)) (internal quotation marks omitted). To be sure, the "moving party may satisfy this burden through the production of affidavits or other relevant extra-pleading evidence," and Sun Life has provided an affidavit here. *Sabre Energy Corp. v. Gulfport Energy Corp.*, No. 2:19-cv-5559, 2021 WL 2779157, at *2 (S.D. Ohio July 2, 2021) (quoting *Reilly v. Meffe*, 6 F. Supp. 3d 760, 774 (S.D. Ohio 2014) (internal quotations omitted)); *see also Hensley v. Conner*, 800 F. App'x 309, 312 (6th Cir. 2020) ("In determining whether Rule 19 requires the joinder of additional parties, the court may consider evidence outside the pleadings." (citing *Citizen Band Potawatomi Indian Tribe of Okla. v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994))). But, even considering that affidavit, Sun Life has not carried its burden of showing that Silas's estate is a necessary party. Thus, the Court need not venture beyond the first question in denying Sun Life's Motion.

**A.    Silas's estate is not a necessary party.**

Rule 19 describes when a party is "required." According to that rule, a party "must be joined as a party" if:

4

(A)     in that person's absence, the court cannot accord complete relief among existing parties; or

(B)     that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

       (i)     as a practical matter impair or impede the person's ability to protect the interest; or

       (ii)     leave an existing party [here, likely Sun Life] subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). As described below, Sun Life has not shown that the first condition, or either aspect of the second condition, is met here.

### 1. The Court can provide complete relief without Silas's estate.

Start with the first of those conditions—"complete relief." On that front, "Rule 19(a)(1)(A) is only concerned with whether Plaintiff may receive complete relief from this defendant." *Norfolk S. Ry. Co. v. Baker Hughes Oilfield Operations, LLC*, 443 F. Supp. 3d 877, 884 (S.D. Ohio 2020). That a judgment here may lead to later litigation involving an absent party does not make that party indispensable, even if such litigation is "inevitable." *Id.* In other words, the complete-relief question "does not concern any subsequent relief via contribution or indemnification for which the absent party might later be responsible." *Id.* (quoting *Yates v. Applied Performance Techs., Inc.*, 209 F.R.D. 143, 149 (S.D. Ohio 2002)) (internal quotation marks omitted). Rather, "[t]he 'complete relief' requirement concerns the ability of the already-included defendants to fully satisfy any judgment awarded to the plaintiff." *Camps v. Gore Cap., LLC*, No. 3:17-cv-1039, 2019 WL 2763902, at *10 (M.D. Tenn. July 2, 2019) (citing *Bedel v. Thompson*, 103 F.R.D. 78, 80 (S.D. Ohio 1984)).

5

Here, the siblings seek the proceeds of their late mother's policy. "Complete relief" on that claim requires only the existing parties. If the policy required Sun Life to pay the policy proceeds to the siblings, then a judgment against Sun Life in the siblings' favor will fully redress that harm. True, if Sun Life mistakenly gave the proceeds of Powell's policy to Silas, perhaps Sun Life will in turn have a claim of unjust enrichment against Silas's estate. Or Sun Life may wish to implead her estate (if it exists)[1] as a third-party defendant, to indemnify Sun Life if the insurer is found liable to the siblings. But even assuming the estate may "later be responsible" for indemnification, that would not make the estate a necessary party here. *Norfolk S. Ry. Co.*, 443 F. Supp. 3d at 884. Thus, the complete-relief condition requires neither dismissal nor joinder on the facts here.

### 2. Proceeding without Silas's estate will not impair its claimed interests, as the estate has claimed no interest.

Alternatively, joinder is required if an absent party claims an interest and proceeding without that party would impair its interests. *See* Fed. R. Civ. P. 19(a)(1)(B)(i). In deciding whether this condition is met, though, a threshold question is whether the absent party has come forward to claim an interest. *See, e.g.*, *Munson Hardisty, LLC v. Legacy Pointe Apartments, LLC*, No. 3:15-cv-547, 2022 WL 4390636, at *7 (E.D. Tenn. Sept. 22, 2022) (denying Rule 19(a) motion where the absent party "has not come forward and claimed an interest relating to the subject matter of the action"); *Abriq v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:17-0690, 2018 WL

---

[1] As the siblings note, "Sun Life has not alleged that the Estate actually exists or that an estate of any kind was ever opened after Ms. Silas died." (Doc. 24, #214 n.5).

10152572, at *3 (M.D. Tenn. Mar. 29, 2018) (referring to the "threshold requirement of Rule 19(a)(1)(B) that the absent party actually claims an interest related to the subject matter of the action"); *id.* at *2 ("The Sixth Circuit has indicated that the absent party must affirmatively claim an interest relating to the subject matter." (citing *Sch. Dist. of City of Pontiac v. Sec. of the U.S. Dep't of Educ.*, 584 F.3d 253, 266 (6th Cir. 2009)); *Century Bus. Servs., Inc. v. Bryant*, 69 F. App'x 306, 311 (6th Cir. 2003) ("A party is not 'necessary' where it has not claimed an interest in the outcome of an action and complete relief can be ordered in its absence."). *But see Cooper v. Digital Processing Sys., Inc.*, 182 F.R.D. 242, 249 (N.D. Ohio 1998)) (stating that "'claims an interest' means 'having an interest' in the case") (citing *Provident Tradesmens Bank & Trust*, 390 U.S. 102, 123–24 (1968)).

Here, no evidence suggests that Silas's estate has affirmatively claimed any interest which these proceedings might impair. Thus this condition is not met.

Sun Life argues otherwise, relying principally on *Duckett v. Sun Life Assur. Co. of Can.*, No. 21-cv-380, 2021 WL 3354837 (W.D. Mo. Aug. 2, 2021). But *Duckett* is unavailing. There the plaintiff sued Sun Life for the proceeds of her common-law husband's life insurance policy. *Id.* at *1. But the husband's parents had also opened an estate in probate court for their late son, and that estate listed the policy benefits as an asset. *Id.* Joining the estate was proper because, by publicly listing the policy as one of its assets in court, the estate affirmatively claimed an interest in the subject matter of the case. *See id.* at *2. Moreover, there, the "absent party" was the policy holder himself (or someone who stood in his shoes), and thus was an actual party to

7

the contract at issue (i.e., the insurance policy). *See id.* Here, by contrast, Silas's estate (again, if it exists) has not affirmatively claimed, and is not claiming, any interest in Powell's policy benefits. Nor is Silas's estate the policyholder. Instead, it is simply a third party to whom Sun Life may have wrongly paid the policy proceeds. That makes this a different case from a joinder standpoint.

Relatedly, the parties go on to dispute whether Silas's estate *can* have any interest in the litigation that might be impaired. The siblings argue that her estate *cannot* have a cognizable interest, because only "participants" or "beneficiaries" can "recover benefits under the terms of an ERISA plan." (Doc. 24, #217). Meanwhile, Sun Life says that her estate is in danger of becoming "an ERISA fiduciary" if the siblings prevail. (Doc. 25, #226). But, as already noted, it is irrelevant whether Silas's estate has an interest that might be impaired unless the estate affirmatively asserts that interest. Here, it has not done so. *See Abriq*, 2018 WL 10152572, at *2 (citing *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 483–84 (7th Cir. 2001); *United States v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999); *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 49 (2d Cir. 1996); *Am. Ins. Co. v. St. Jude Medical, Inc.*, 597 F. Supp. 2d 973, 978 (D. Minn. 2009); *Graves v. Wells Fargo Bank, N.A.*, No. 1:14-cv-398, 2015 WL 12911637, at *4 (M.D.N.C. June 11, 2015); *Corey v. Progressive Nw. Ins. Co.*, No. 3:05-cv-636, 2006 WL 346313, at *2 (N.D. Ind. Feb. 13, 2006)). Thus, the Court declines to answer questions about the estate's potential, but currently unasserted, interests.

### 3. Sun Life is not at risk of multiple or inconsistent obligations.

Perhaps Sun Life's strongest claim to joinder is its assertion that it will be at risk of multiple or inconsistent obligations if this matter proceeds without Silas's estate. *See* Fed. R. Civ. P. 19(a)(1)(B)(ii). But once again, the Court concludes Sun Life has failed to carry its burden on this front.

The point of this condition is to protect a party from a situation where a judgment in one court tells the party to perform a given act (like paying the policy proceeds to the siblings), while another court tells that same party to engage in a different act (like paying the policy proceeds to the estate). *See, e.g.*, *Bedel*, 103 F.R.D. 78. So, for example, if two parties were claiming a right to the same policy proceeds, Rule 19(a) may well require joinder to resolve that dispute in a way that does not expose the insurer to an obligation to pay the same proceeds to both parties.

That was the situation in *Duckett*, the case on which Sun Life again relies to claim it faces inconsistent obligations. And the same situation also arose in *McKeon v. Guardian Ins. & Annuity Co., Inc.*, No. 3:07-cv-425, 2007 WL 4169115 (D. Conn. Nov. 20, 2007), the other case that Sun Life cites on this point. In both cases, the absent third party was an ERISA plan participant who had a colorable claim to the policy proceeds. *See Duckett*, 2021 WL 3354837, at *2; *McKeon*, 2007 WL 4169115, at *3.

Here, by contrast, Silas was neither a plan participant nor a plan beneficiary. She was simply a family member of the participant and the grandmother of the named beneficiaries. Sun Life has failed to put forward any evidence showing that Silas ever claimed, or had any basis for claiming, that she was the rightful beneficiary

of the policy proceeds. To be sure, Sun Life fears it may end up in what it considers an unfair situation. Sun Life already paid the life insurance proceeds once, only to now face the prospect of a court order requiring it to pay again to the actual policy beneficiaries. But "Rule 19 does not speak of inconsistent 'results.' Rather, it speaks in terms of inconsistent 'obligations.'" *Bedel*, 103 F.R.D. at 81. And based on the evidence that Sun Life has provided, Sun Life is not at risk of (and never was at risk of) having any *obligations* towards Silas's estate.

That said, the affidavit that Sun Life tendered also seems to suggest that the money it paid to Silas may in fact have already made its way to the siblings. (*See* Decl., Doc. 23). In particular, Sun Life asserts that its "subsequent investigation into the benefits paid revealed that Ms. Silas had established two custodian accounts for [the siblings] in December 2014, depositing at least $50,000 into each of them." (*Id.* at #209). Even if true, that does not change the Court's analysis on the joinder issue. If the siblings have already received the policy proceeds, Sun Life may be able to rely on that as a defense to the siblings' present claim against Sun Life. But Silas's estate need not be joined to this action for Sun Life to raise that defense. Of course, those who know what Silas did with the proceeds during her life—in particular, whether she gave those proceeds to the siblings—may be important *witnesses*. But the Court fails to see how making Silas's estate a party will help on that front.

## CONCLUSION

In short, Sun Life has failed to show that the Court cannot provide complete relief to the parties without joining Silas's estate. Nor has it shown that her estate

has claimed an interest in the proceedings that may be impaired, or that Sun Life is at risk of multiple inconsistent obligations. Thus, Silas's estate is not a necessary party. Accordingly, the Court **DENIES** Sun Life's Motion for Dismissal or Joinder (Doc. 22).

**SO ORDERED.**

| | |
|---|---|
| November 16, 2022 | |
| **DATE** | **DOUGLAS R. COLE** |
| | **UNITED STATES DISTRICT JUDGE** |